PC:AAS
F.#2006R01501

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   SEP 02 2008   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   - against -<br><br>KARIM GOLDING,<br>   also known as "Ream," and<br>DEVON DAVIS,<br>   also known as "Pretty,"<br><br>            Defendants.<br><br>- - - - - - - - - - - - - - - - - -X | S U P E R S E D I N G<br>I N D I C T M E N T<br><br>Cr. No. <u>07-621(S-2)(ARR)</u><br>(T. 21, U.S.C. §§<br> 841(a)(1),<br> 841(b)(1)(A)(iii),<br> 841(b)(1)(B)(iii),<br> 841(b)(1)(C) and 846;<br> T. 18, U.S.C., §§<br> 922(a)(1)(A), 922(g)(1),<br> 924(c)(1)(A)(iii),<br> 924(a)(1)(D), 924(a)(2),<br> 2 and 3551 <u>et</u> <u>seq</u>.) |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Distribute Cocaine Base)

1.   On or about and between June 15, 2006 and July 13, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KARIM GOLDING, also known as "Ream," and DEVON DAVIS, also known as "Pretty," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 50 grams or more of a substance containing cocaine base, a Schedule II controlled

2

substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Cocaine Base Distribution)

2. On or about June 15, 2006, within the Eastern District of New York, the defendants KARIM GOLDING, also known as "Ream," and DEVON DAVIS, also known as "Pretty," did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five grams or more of a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THREE
(Cocaine Base Distribution)

3. On or about June 22, 2006, within the Eastern District of New York, the defendants KARIM GOLDING, also known as "Ream," and DEVON DAVIS, also known as "Pretty," did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 50

3

grams or more of a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
(Cocaine Base Distribution)

4. On or about June 29, 2006, within the Eastern District of New York, the defendants KARIM GOLDING, also known as "Ream," and DEVON DAVIS, also known as "Pretty," did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 50 grams or more of a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIVE
(Cocaine Distribution)

5. On or about June 29, 2006, within the Eastern District of New York, the defendant KARIM GOLDING, also known as "Ream," did knowingly and intentionally distribute and possess

4

with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## COUNT SIX
(Attempted Cocaine Base Distribution)

6. On or about July 13, 2006, within the Eastern District of New York, the defendant KARIM GOLDING, also known as "Ream," did knowingly and intentionally attempt to distribute and possess with intent to distribute a controlled substance, which offense involved 50 grams or more of a substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT SEVEN
(Illegal Dealing in Firearms)

7. On or about and between June 7, 2006 and June 29, 2006, both dates being approximate and inclusive, within the Eastern District of New York, the defendant KARIM GOLDING, also known as "Ream," not being a licensed importer, licensed

5

manufacturer or licensed dealer of firearms, did knowingly and willfully engage in the business of dealing in firearms.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D) and 3551 et seq.)

## COUNT EIGHT
(Felon-in-Possession)

8.  On or about June 7, 2006, within the Eastern District of New York, the defendant KARIM GOLDING, also known as "Ream," having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce firearms, to wit: a .32 caliber Clerke revolver and a .357 magnum Smith and Wesson revolver.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT NINE
(Felon-in-Possession)

9.  On or about June 29, 2006, within the Eastern District of New York, the defendant KARIM GOLDING, also known as "Ream," having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Hi-Point .380 caliber semi-automatic pistol.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

6

## COUNT TEN
(Felon-in-Possession)

10. On or about July 13, 2006, within the Eastern District of New York, the defendant KARIM GOLDING, also known as "Ream," having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Davis .380 caliber semi-automatic pistol.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT ELEVEN
(Use of a Firearm)

11. On or about and between June 15, 2006 and July 13, 2006, both dates being approximate and inclusive, within the Eastern District of New York, the defendant KARIM GOLDING, also known as "Ream," did knowingly and intentionally use and carry a firearm during and in relation to drug trafficking crimes, to

7

wit: the crimes charged in Count One and Count Six, and did knowingly and intentionally possess a firearm in furtherance of said crimes, which firearm was discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

No. _____   Action: _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

## THE UNITED STATES OF AMERICA

vs.

### DEVON DAVIS and KARIM GOLDING

## INDICTMENT

(T. 21, U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), 841(b)(1)(C) and 846;
T. 18, U.S.C., §§ 922(a)(1)(A), 922(g)(1), 924(c)(1)(A)(iii), 924(a)(1)(D), 924(a)(2), 2 and 3551 et seq.)

*A true bill.*

_____
                  *Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* ___

_____
                     *Clerk*

*Bail, $* _____

*Alexander Solomon, Assistant U.S. Attorney (718-254-6074)*