

10-800-cr
United States v. Golding

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand twelve.

PRESENT:   RICHARD C. WESLEY,
           RAYMOND J. LOHIER, JR,
           CHRISTOPHER F. DRONEY,
                       *Circuit Judges.*
-----------------------------------------------------------------

UNITED STATES OF AMERICA,

           *Appellee*,

           v.                                    No. 10-800-cr

KARIM GOLDING,

           *Defendant-Appellant.*

-----------------------------------------------------------------

FOR APPELLANT:     CHARLES F. WILLSON, Nevins & Nevins LLP, East
                   Hartford, CT.

FOR APPELLEE:      ALEXANDER A. SOLOMON, Assistant United States
                   Attorney (Peter A. Norling, Assistant United States
                   Attorney, *on the brief*) *for* Loretta E. Lynch, United
                   States Attorney for the Eastern District of New York,
                   Brooklyn, NY.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction is AFFIRMED in part (as to Counts One through Seven and Count Eleven of the Superseding Indictment), VACATED in part (as to the felon-in-possession counts, Counts Eight through Ten), and REMANDED to the District Court for further proceedings consistent with this order.

Defendant-Appellant Karim Golding appeals from a judgment entered on December 1, 2009, convicting him, after a second jury trial, of several narcotics-related offenses involving cocaine and crack cocaine as well as several firearms-related counts, including three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced principally to a term of 240 months' imprisonment.

1. <u>The Mistrial and Retrial</u>

On appeal, Golding asserts that the second trial, commenced after the District Court declared a mistrial in the first trial, violated the Double Jeopardy Clause of the Fifth Amendment. The Double Jeopardy Clause "generally protects a defendant from successive prosecutions for the same offense." <u>United States v. Ware</u>, 577 F.3d 442, 446 (2d Cir. 2009). A second trial, however, is not prohibited when a district court's decision to declare a mistrial is "compelled by 'manifest necessity.'" <u>United States v. Razmilovic</u>, 507 F.3d 130, 136 (2d Cir. 2007). "[T]he classic example of manifest necessity is the discharge of a genuinely deadlocked jury." <u>Id.</u> at 137 (alterations in the original) (quotation marks omitted); <u>see also</u> <u>Yeager v. United States</u>, 557 U.S. 110, 117 (2009). Genuine deadlock occurs when "'there exists a significant risk that a verdict may result from pressures inherent in the situation rather than the considered judgment of all the jurors.'" <u>Razmilovic</u>, 507 F.3d at 137 (quoting <u>Arizona v. Washington</u>, 434 U.S. 497, 509 (1978)). "We grant particularly broad discretion in reviewing the determination by a trial judge that there is manifest necessity for a mistrial due to a genuinely deadlocked jury." <u>Id.</u>

The District Court received three notes stating that the jury was unable to reach a verdict because at least one juror was unable to be impartial or follow the jury instructions. One of the notes suggested that jurors might begin changing their votes solely "for the sake of ending th[e] trial" if they were forced to continue to deliberate. The District Court declared a mistrial only after it attempted to clarify its jury instructions and questioned the jury in an attempt to identify the juror or jurors referenced in the notes. In addition, following the questioning of the jury, one juror submitted another note representing that he, and possibly several other jurors, were not capable of deliberating impartially. Under the circumstances, the District Court's actions were appropriate, and nothing more was required. See United States v. Williams, 205 F.3d 23, 36 (2d Cir. 2000).

We also reject Golding's argument that the court should have allowed the jury to keep deliberating "even if that allowed for nullification." Nullification is "a violation of a juror's oath to apply the law as instructed by the court." United States v. Thomas, 116 F.3d 606, 614 (2d Cir. 1997). "[T]rial courts have the duty to forestall or prevent such conduct, whether by firm instruction or admonition or, where it does not interfere with guaranteed rights or the need to protect the secrecy of jury deliberations, . . . by dismissal of an offending juror from the venire or the jury." Id. at 616; see also United States v. Polouizzi, 564 F.3d 142, 162-63 (2d Cir. 2009). It was not error, therefore, for the District Court to declare a mistrial rather than acquiesce to the threat of jury nullification raised in the jury's notes.

Accordingly, because the District Court acted well within its discretion when it determined that a mistrial was manifestly necessary, the Double Jeopardy Clause did not bar Golding's second trial.

### 2. The Felon-in-Possession Convictions

Prior to the second trial, counsel for Golding stipulated to the fact that Golding had been previously convicted of a felony, an element that the Government was required to establish in connection with the felon-in-possession counts. Rather than submitting the

3

stipulation regarding Golding's prior felony conviction to the jury, however, the District Court, at defense counsel's request, removed that element entirely from the jury's consideration. It was only after the jury convicted Golding on all counts that the District Court admitted the stipulation into evidence.

In <u>United States v. Chevere</u>, we held that "in a prosecution under § 922(g)(1), there are <u>no</u> circumstances in which a district court may remove the element of a prior felony conviction entirely from the jury's consideration by accepting a defendant's stipulation to that element." 368 F.3d 120, 122 (2d Cir. 2004) (per curiam) (emphasis added). We have explained that removing the felony conviction element from the jury causes "harm to the judicial process and the role of the jury in determining the guilt or innocence of the accused as charged. [It] violates the very foundation of the jury system." <u>United States v. Gilliam</u>, 994 F.2d 97, 100 (2d Cir. 1993). Regardless of defense counsel's position regarding the element, the District Court should have submitted the stipulation establishing the fact of Golding's prior conviction to the jury. It committed plain error when it failed to do so, and we accordingly vacate the felon-in-possession convictions.

### 3. The Alleged *Brady* Violation

Golding also contends that the District Court should have inquired into statements he made at his sentencing hearing regarding an alleged <u>Brady</u> violation. At his sentencing, Golding stated that he was "aware" of statements made to the Government indicating that the victim had been shot once rather than two times and that Golding "took no part in any violence that occurred on said date." To establish a <u>Brady</u> violation, the defendant must show that the Government suppressed information that was both exculpatory and material. <u>United States v. Brunshtein</u>, 344 F.3d 91, 101 (2d Cir. 2003). Golding does not dispute that he knew of the allegedly exculpatory evidence. Indeed, at the sentencing hearing, Golding stated that he was "aware" that his own private investigator had been told by the victim that he was shot only once. Accordingly, this evidence was not "suppressed" for <u>Brady</u> purposes. See <u>Leka v. Portuondo</u>, 257 F.3d 89,

4

100 (2d Cir. 2001) (evidence is not suppressed "if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence" (quotation marks omitted)).

4. <u>The Refusal to Adjourn Golding's Sentencing</u>

Finally, Golding argues that the District Court improperly denied his request seeking an adjournment of his sentencing because Congress was likely to revise the applicable mandatory minimum sentences for offenses involving cocaine base, and a lower sentence would have been imposed had he been sentenced after the passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (amending 21 U.S.C. § 841). Because our conclusion that Golding was improperly convicted on the felon-in-possession counts requires a remand for resentencing, this argument is moot.

We have considered Golding's other arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM in part the judgment of conviction (as to Counts One through Seven and Eleven), VACATE in part (as to Counts Eight, Nine, and Ten), and REMAND to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



5

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit