UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA                                    CR 07-0621 (A.R.R.)

       - v -

KARIM GOLDING,
       Defendant

-----------------------------------------------------------x

OBJECTIONS ON BEHALF OF KARIM GOLDING
TO VARIOUS ASPECTS OF THE REVISED PRESENTENCE
INVESTIGATION OF OCTOBER 26, 2012

                      Harry C. Batchelder, Jr.
                      Counsel for Karim Golding
                      40 Wall Street
                      Twenty-Eighth Floor
                      New York, New York 10005-1313
                      212-502-0660

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA

CR 07-0621 (A.R.R.)

- v -

KARIM GOLDING,
           Defendant

-----------------------------------------------------------x

## Procedural History

On November 30, 2009 this Court sentenced Karim Golding, even after departing two and a half years less than the bottom of the suggested Guideline sentencing range, to two ten-year consecutive sentences. The sentences encompassed crack distribution and weapons charges. At the time of sentencing Karim Golding was twenty five years old.

The United States Court of Appeals for the Second Circuit affirmed Mr. Golding's conviction in part, but reversed the convictions on Counts Eight, Nine and Ten, the so-called felon in possession of a weapon counts. Mr. Golding now finds himself back in this Court for resentencing.

The offense conduct in the revised presentence report is a mirror image of the initial report, but additional research has revealed two matters that counsel finds to be objectionable.

Objection Number One

THE PRESENTENCE INVESTIATION REPORT OVTATES THE AMOUNT OF DRUGS ATTRIBUTED TO MR. GOLDING

The PSI report attributes to Mr. Golding 55.06 grams of crack cocaine allegedly sold by Mr. Golding on June 29, 2006. Even if one accepts the PSI's factual portrayal of the events of that day it would be arguable that the deal was Devon Davis', a/k/a "pretty" transaction. A more in-depth analysis, supported by a transcript of that day's proceedings, clearly indicates that the 55 gram crack sale was solely Davis' transaction. This is illustrated by a meeting later that day, when the undercover and Davis agreed that it would be best that Golding not have knowledge of this transaction. (Exhibit A, Draft Transcript of the events of June 29, 2006) Clearly Golding should not be held responsible for the 55 plus grams of cocaine and this must result in a recalculation of Golding's overall adjusted offense level—downward![1]

Objection Number Two

THE PSI OVERSTATES MR. GOLDING'S CRIMINAL HISTORY.

The PSI report attributes four Criminal History points to Mr. Golding based upon a conviction for attempted robbery for which he was sentenced as a youthful offender to a period of probation on April 29, 2003. Golding subsequently was charged with a violation of probation and was resentenced to one year incarceration on March 23, 2006. On that same date during that same hearing Golding received a sentence to run concurrent of one year incarceration for possession of a weapon. Pursuant to U.S.S.G. Section 4(a) Golding should have received only three Criminal History category II points, not the four imposed. (Appended as Exhibit B are

---

[1] Counsel does not concede the validity of the conversion table for multi-substance, i.e., cocaine or crack cocaine transactions to a marijuana equivalency. The drug trade is capitalism in its rawest form and Mr. Golding is responsible for sales of approximately five thousand dollars. Yet, applying the equivalency table, he becomes responsible for six hundred and eighty three kilograms of marijuana. The math is staggering at generous price of $2,200 a kilogram Golding is responsible for in excess of one million, five hundred thousand dollars. Something is wildly amiss.

copies of the proceedings of February 1, 2005 in Queens County Supreme Court in the matter of People v. Karim Golding.  Clearly, under revised U.S.S.G. 4A1.2 (a)(2).  This same day sentencing for the violation of probation and a subsequent charge results in a single Criminal History point.  See, e.g., United States v. Gibbs, 626 F.3d 341 (6th Cir. 2010) and United States v. McFalls, 592 F.2d 704 (6th Cir. 2010)  This would reduce Golding's Criminal History to a category one.

Conclusion

GOLDING'S OBJECTIONS SHOULD BE SUSTAINED IN ALL RESPECTS.

Dated: September 17, 2014
       New York, New York

Respectfully submitted:

/s/:  Harry C. Batchelder, Jr.

_____
HARRY C. BATCHELDER, JR.
Counsel for Karim Golding
40 Wall Street
Twenty-Eighth Floor
New York, New York 10005-1313
212-502-0660

Certificate of Service

I hereby certify that the above document was served to the following on September 17, 2014 in the manner specified:  Via ECF to Assistant United States Attorney Alexander Solomon and via United States Postal Service to Office of United States Probation, Eastern District of New York.

/s/:  Harry C. Batchelder, Jr.

_____
HARRY C. BATCHELDER, JR.