

U.S. Department of Justice

United States Attorney
Eastern District of New York

SLT:AAS
F.#2006R01501

271 Cadman Plaza East
Brooklyn, New York 11201

January 23, 2015

By ECF

Hon. Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Karim Golding
               Criminal Docket No. 07-621 (ARR)

Dear Judge Ross:

      The government respectfully submits this letter in response to the defendant's sentencing submission and objections to the Presentence Investigation Report (the "PSR"). In particular, the defendant objects to (1) inclusion in the Guidelines calculation of 55.06 grams of cocaine base sold on June 29, 2006 by coconspirator Devon Davis to an undercover officer (the "UC"); and (2) inclusion in the criminal history calculation of the defendant's conviction on April 29, 2003.[1] For the reasons detailed below, the defendant's objections to the PSR are without merit, and a sentence within the applicable Guidelines range of 78 to 97 months, in addition to the mandatory consecutive sentence of 10 years for the discharge of a firearm, should be imposed.

I.    Background

      The government incorporates by reference the statements of facts set forth in its sentencing memorandums dated March 26, 2009, July 20, 2009, and November 25, 2009, as well as the government's appellate brief in the instant matter.

      As established by the trial testimony of the UC, during a series of meetings with the defendant and coconspirator Devon Davis, the UC formulated the view that the

---

[1] The defendant also requests credit for four months of pretrial detention on state charges that ultimately led to the instant prosecution. The government concurs with this request.

defendant "was the middleman and [Davis] seemed to be the dealer in this situation."  (Tr. 64).  Accordingly, the UC attempted to meet with Davis alone on June 29, 2006 to conduct a controlled narcotics transaction.  However, Davis refused to meet with the UC alone and instead instructed the UC to meet with him in front of the defendant's house.  The UC then drove to the defendant's house, where the defendant entered his car and sold a loaded .380 Hi-Point semi-automatic pistol to the UC for $550.  (Tr. 64-65).  Thereafter, the UC and the defendant waited in the UC's vehicle for Davis to arrive.  After Davis arrived, he entered the UC's vehicle and sold the UC two ounces of cocaine base for $1,850.  The defendant remained in the car during this transaction.  (Tr. 65).  After Davis left the vehicle, the defendant directed the UC to drive to another location in Queens, where the defendant brokered the sale of approximately 27 grams of cocaine to the UC.  (Tr. 65-70).

The amended PSR, disseminated on November 14, 2014, calculates an applicable Guidelines level of 26, which is the base offense level corresponding to at least 400 kilograms of marijuana.  Based on a criminal history category of III, the amended PSR calculates an applicable Guidelines range of 78 to 97 months for the narcotics charges.  The government concurs with this Guidelines calculation.

II.     Objections to PSR

The defendant first objects to inclusion of the cocaine base sold by Davis to the UC on June 29, 2006, arguing that the recorded conversation between Davis and the UC demonstrates that they had agreed to cut the defendant out of the cocaine base transaction.  However, the transcript of this conversation attached to the defense submission reflects that Davis refused to meet with the UC alone and instead insisted on meeting in front of the defendant's house.  This transcript does not reflect, as the defense argues, an agreement by the UC and Davis that "it would be best that Golding not have knowledge of [the cocaine base] transaction."  (Def. Ltr. at 3).  As the defendant introduced Davis to the UC and had on at least one previous occasion demanded monetary compensation from the UC for this introduction, the defendant is responsible for this jointly undertaken criminal activity with Davis.

The defendant also objects to inclusion of an April 29, 2003 conviction in the criminal history calculation.  As reflected in the PSR, the defendant was sentenced to five years of probation for attempted robbery in the third degree on April 29, 2003.  On November 30, 2004, the defendant was arrested and charged with criminal possession of a weapon in the third degree.  On March 23, 2005, the defendant was sentenced to one year of custody for the 2004 gun charge, and one year of custody for violation of probation for the 2003 attempted robbery conviction.  The PSR adds two criminal history points for each of these sentences imposed on March 23, 2005.

The defendant bases his objection to inclusion of the April 29, 2003 conviction on Guideline § 4A1.2(a)(2), which provides that certain sentences imposed on the same day may not be counted separately.  However, the same Guideline provides that multiple sentences imposed on the same day should be counted separately, absent "an <u>intervening</u>

arrest." Id. (emphasis added). In this case, there was such an intervening arrest, and thus § 4A1.2(a)(2) does not support the defendant's position. Moreover, according to application note 11 to Guideline § 4A1.2, "If . . . at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation." Accordingly, both sentences are properly counted towards the defendant's criminal history.

III.     A Guidelines Sentence is Appropriate

The Guidelines effectively account for the nature and circumstances of the instant offenses—serious drug trafficking offenses, the sale of multiple loaded firearms, and the discharge of a firearm in furtherance of drug trafficking activity—which discharge led to the serious injury and hospitalization of another person.

Under 18 U.S.C. § 3553(a), a sentencing court must consider the general purposes of sentencing, including: "the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Gall v. United States, 128 S. Ct. 586, 597 n.6 (2007). In this case, a Guidelines sentence is necessary to adequately reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for the offense. While the defendant's apparent exemplary institutional record is commendable, a significant period of incarceration is still warranted.

IV.     Conclusion

For the reasons set forth above, the government respectfully submits that the Court should impose a sentence within the Guidelines range of 78 to 97 months, in addition to a mandatory consecutive sentence of 10 years for the firearms conviction.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:     /s/ Alexander A. Solomon
Alexander A. Solomon
Assistant U.S. Attorney
(718) 254-6074

cc:     Clerk of Court (ARR) (by ECF)
Harry Batchelder, Esq. (by ECF)
Michelle Espinosa, U.S.P.O. (by email)