15-891-cr
*United States v. Golding*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand sixteen.

PRESENT:  CHESTER J. STRAUB,
          RICHARD C. WESLEY,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

UNITED STATES OF AMERICA,

    *Appellee,*

-v.-            No. 15-891

KARIM GOLDING, aka Ream,

    *Defendant-Appellant.*

FOR APPELLANT:  MEGAN WOLFE BENETT (Harry C. Batchelder, Jr., *on the brief*), New York, NY.

1

| | |
|---|---|
| FOR APPELLEE: | ALEXANDER A. SOLOMON, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the amended judgment of the District Court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for resentencing.

Karim Golding appeals from an amended judgment of conviction in the United States District Court for the Eastern District of New York, sentencing him to fifteen years' imprisonment on the basis of ten-year and five-year mandatory minimum sentences arising from firearm- and drug-related counts respectively. We assume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our conclusions.

Golding first challenges the imposition of a ten-year mandatory minimum sentence for the discharge of a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A)(iii). At trial, the jury was instructed on the relevant count that, in order to return a guilty verdict, they only needed to find that

2

Golding had "used," "carried," or "possessed" the firearm. Under the rule of *Alleyne v. United States*, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. 2151, 2155 (2013). Because this sentence was not challenged below, we review for plain error and conclude that the imposition of the ten-year mandatory minimum on the basis of a fact—discharge of a firearm—not found by the jury is "clearly contrary to the law at the time of appeal," satisfying the first two criteria of plain error review. *Johnson v. United States*, 520 U.S. 461, 467–68 (1997). Further, because the District Court expressly stated that it would impose a shorter sentence if not for the statutory minimum, we have no difficulty concluding that the imposition of the incorrect mandatory minimum sentence both affected Golding's substantial rights and seriously affected the fairness and integrity of judicial proceedings. *See United States v. Sanchez*, 773 F.3d 389, 392–94 (2d Cir. 2014).[1]

The Government argues that the evidence supporting the uncharged fact was "overwhelming" and "essentially uncontroverted" and accordingly could

---

[1] It is an open question in our Circuit whether our previous "modified plain error" rule in such cases—which places the burden of proving a lack of prejudice on the government—continues to be viable following *Johnson*. *See, e.g., United States v. Botti*, 711 F.3d 299, 308–09 (2d Cir. 2013). Because we conclude that the error here satisfies the plain error standard no matter who bears the burden, we need not answer the question in this case. *See United States v. Prado*, 815 F.3d 93, 102–03 (2d Cir. 2016).

not have seriously affected the fairness or integrity of the proceeding. *See Johnson*, 520 U.S. at 470. This argument is without merit. Not only did Golding's first trial on these charges end in a mistrial, *see United States v. Golding*, 482 F. App'x 633, 634–35 (2d Cir. 2012) (summary order), but the evidence offered to show discharge of the firearm is circumstantial, supported principally by the testimony of witnesses whose credibility was a major theme of the defense's case. Because the jury was never asked to evaluate the witnesses' credibility as to Golding's *discharge* of the weapon, we cannot say the evidence meets the standard of "'overwhelming' and 'essentially uncontroverted.'" *See United States v. Cotton*, 535 U.S. 625, 633 (2002). Rather, there is "a reasonable probability" the jury would not have found a discharge of the firearm. *United States v. Kaiser*, 609 F.3d 556, 567 (2d Cir. 2010); *see also United States v. Garcia*, 587 F.3d 509, 521 (2d Cir. 2009) (holding plain error seriously affected judicial proceedings where "there is a substantial possibility" that defendant is not guilty of the offense). We therefore vacate Golding's sentence on Count Eleven and remand to the District Court for resentencing pursuant to § 924(c)(1)(A)(i), which requires only a five-year mandatory minimum sentence.

4

Finally, Golding contends that the imposition of a five-year mandatory minimum sentence violates the Eighth Amendment because a conviction for the identical weight of powder cocaine, instead of cocaine base, would not subject him to that minimum.  Our review of a claim of constitutional disproportionality of a sentence is "very limited," in which we "must assess the gravity of the offense and the harshness of the penalty, the sentences imposed on other criminals in the same jurisdiction, and the sentences imposed for commission of the same crime in other jurisdictions."  *United States v. Bennett*, 252 F.3d 559, 567 (2d Cir. 2001) (citing *Solem v. Helm*, 463 U.S. 277, 292 (1983)).  "[I]t is rare that a sentence falling within a legislatively prescribed term of years will be deemed grossly disproportionate."  *United States v. Reingold*, 731 F.3d 204, 212 (2d Cir. 2013) (internal quotation marks omitted); *see also United States v. Mitchell*, 932 F.2d 1027, 1028–29 (2d Cir. 1991) (per curiam) (holding that legislative determinations of terms of imprisonment are "primary and presumptively valid").  We have at least twice upheld the previous 100-to-1 cocaine-to-cocaine-base ratio as within constitutional limitations.  *See United States v. Payne*, 63 F.3d 1200, 1213 (2d Cir. 1995); *United States v. Jackson*, 59 F.3d 1421, 1424 (2d Cir. 1995) (per curiam).  *A fortiori*, a sentence imposed under the current 18-to-1 ratio does

not exceed constitutional limitations.  Accordingly, we affirm the five-year concurrent mandatory minimum sentences imposed on Counts One through Seven.

For the reasons stated above, the amended judgment of the District Court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for resentencing in accordance with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit